ALBERT F. COLE *vs.* NEW ENGLAND TREE EXPERT CO.

JANUARY 18 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence to recover damages arising through the death of a Guernsey cow, the property of the plaintiff. After verdict for the plaintiff, the case is here on the defendant's exceptions to the denial of its motions for a directed verdict and for a new trial.

The plaintiff is the owner of a dairy farm including enclosed pasture land on the northerly side of Main street in Pawtuxet. Opposite the farm a winding road leads from the southerly side of Main street to "Jim Smith's Inn," so-called, this road being flanked on both sides by trees.

On the morning of June 11, 1930, the defendant's employees were engaged in spraying the trees on this road with a solution of arsenate of lead. The plaintiff contends that some of the spraying solution was carried by a strong wind to his pasture where it adhered to the grass; that one of his

cows was poisoned through eating some of this grass and had to be destroyed.

Plaintiff testified that his cows were taken to the pasture at 6 o'clock that morning and that about 8:30 o'clock a boy told him the trees at Jim Smith's Inn were being sprayed. He immediately went to the scene, found a strong wind blowing towards the pasture, drops of the spraying liquid dripping from the trees and some of it on the grass in said pasture. At once he drove his cows some distance from the sprayed area and erected a fence to keep them from returning there. That night one of the cows did not return to the barn with the herd and, when driven in, appeared to be sick and gave less than her usual amount of milk. The next day her illness became more pronounced. On June 17 she became paralyzed and at the direction of a veterinary was destroyed.

An autopsy performed by the veterinary showed that the paralysis was caused by arsenate of lead poisoning. Chemical analysis of weeds and grass from plaintiff's pasture, stained with the spraying solution, proved them to have arsenate of lead upon them.

The defendant admits that on the morning in question its employees were engaged in spraying said trees with arsenate of lead and also that no notice of the fact was sent to the plaintiff. One of defendant's employees admitted that he had been warned to be particularly careful because the dairy farm was across from the trees, but that he had given no notice to the plaintiff or other abutting owners.

The above facts constitute evidence supporting the contention that the cow died as the result of the defendant's negligence, and this court has held that a verdict should be directed only when there is no legal evidence which would justify a contrary verdict. *Reddington* v. *Getchell*, 40 R. I. 463. Viewing the evidence in the light of this decision and of the well settled rule that a verdict should not be directed for a defendant if on any reasonable view of the testimony a plaintiff can recover, the defendant was

not entitled to a directed verdict, and his exception to the denial of the same is overruled.

There remains for consideration the exception to the denial of defendant's motion for a new trial. This involves the question whether the plaintiff has sustained the burden of proving the defendant's negligence.

The defendant admits the use of the poisonous spray near the pasture land. In numerous cases it has been held that where animals are injured or killed by reason of eating poisonous substances present upon land through the act of a defendant, a right of action against him will lie in behalf of the owner of the livestock. *Hale* v. *Lehigh Valley R. R. Co.*, 87 Pa. Sup. Ct. 489; *St. Louis-San Francisco Ry. Co.* v. *Fletcher*, 159 Ark. 344; *Brady* v. *Sutter Butte Canal Co.*, 278 Pac. Rep. (Cal.) 505; *Missouri K. & T. R. Co.* v. *Rose*, 61 Okl. 156; *Mexia Light & Power Co.* v. *Johnson*, 120 S. W. (Tex.) 534. The defense on this point in the present action was the contention that the only portion of the spray which could have reached plaintiff's land—that used on the tree nearest the pasture,—contained insufficient arsenate of lead to kill an animal; that at the time of the spraying of this tree none of plaintiff's cattle were near and that just after such spraying was completed plaintiff reached the pasture and drove his cattle away. However, as witnesses testified that a strong wind was blowing toward the pasture and that many trees in the near vicinity had been sprayed, it is possible and the jury may have found that spray from more than one tree reached and settled upon said pasture.

The defendant also admits the truth of plaintiff's allegation that no notice was given to abutting owners that spraying was to be done; and admits that its employees knew of the dairy farm in the immediate neighborhood. The spraying of trees with a poisonous substance near pasture land charges the person using such spray with the duty of exercising great care. In 29 Cyc. 460, it is said: "Persons using dangerous agencies are required to use the utmost care to prevent injuries and to adopt every known

**70**

safeguard." To the same effect, in *Prue* v. *The Goodrich Oil Company*, 49 R. I. 120, this court said: "One is bound to anticipate and provide against what usually happens or is likely to happen." Knowledge of the proximity of the dairy farm to the trees being sprayed with a poisonous substance would charge the defendant with the duty of notifying the owner of such dairy farm and of adjacent pasture land that the spraying was to be done. Defendant's failure to give such notice might well be evidence of negligence.

The evidence above set forth was a sufficient basis for the finding that the defendant was guilty of negligence. Disputed points in the testimony were submitted as questions of fact for the jury under a charge to which no exception was taken. We are of the opinion that the trial justice committed no error in denying the motion for a new trial, and the exception upon this ground is without merit.

All the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Joseph W. Grimes, Herbert E. Eklund*, for plaintiff.
*Edward W. Lincoln*, for defendant.